THOMAS HAMBRICK, plaintiff in error, *vs.* JOHN DICKEY, *et al.*, defendants in error.

Where it appeared that the debt for which the execution was issued was contracted prior to June 1st, 1865, that it was for the unpaid purchase-money due for the land levied on, that the complainant was, at the time of the commencement of the action on which the judgment and execution were founded, in possession of the land, and is still in possession, it was proper in the Chancellor to refuse an injunction against the sale of the property under said execution, applied for on the ground that the taxes on the debt had not been paid. (R.)

Relief Act of 1870.   Injunction.   Before Judge GREENE. Henry Superior Court.   October Term, 1871.

Thomas Hambrick purchased, in December, 1860, from John Dickey, a certain tract of land for $4,000, paying $2,000 in cash and giving his notes for the balance, payable at one and two years. In the year 1867, John Dickey recovered judgment on said notes and levied the execution based thereon upon the said land. Hambrick has been, from the time of the purchase and is still, in possession of the property. He filed his bill to enjoin the sale under said levy, setting up the relief contemplated by the Act of October 13th, 1870, also the non-payment of taxes by Dickey. A temporary injunction was granted. Upon the hearing of the motion to continue said injunction, the Chancellor directed "that the said injunction be dissolved and the bill be dismissed on the ground that the *fi. fa.* is founded on a debt for the purchase-money of the land levied on, and in possession of which complainant has been since the said debt was sued on until this time." Whereupon the complainant excepted, and now assigns said ruling as error.

Hambrick *vs.* Dickey *et al.*

DOYAL & NUNNALLY; E. W. BECK, for plaintiff in error.

J. R. NOLAN; JOHN J. FLOYD, for defendants.

WARNER, Chief Justice.

The complainant filed a bill against the defendant praying for an injunction to restrain the sale of a tract of land under an execution obtained by the defendant against the complainant, on the ground that the taxes due upon the debt had not been paid. On the hearing of the case, the Judge dissolved the injunction which had been previously granted, and the complainant excepted. It appears from the statement of facts disclosed in the record, that the debt for which the execution was issued was contracted prior to the first of June, 1865, that it was for the unpaid purchase-money due for the land levied on, that the complainant was at the time of the commencement of the action on which the judgment and execution was founded, in possession of the land, and has continued in possession of the same up to the present time; and the question made for the decision of this Court is, whether, under the fifteenth section of the Act of 1870, the defendant in the bill is exempted from having his case dismissed or prevented from collecting his debt when it is for the purchase-money of the land, and the complainant is and has been in possession of the land ever since the commencement of the action. In our judgment, the defendant in the bill was excepted from the operation of the provisions of the Act of 1870, and that his case is embraced within the fifteenth section of that Act. The complainant is in the possession of the land, enjoying the benefit of it, and has not paid for it. Why should he not be compelled to pay the purchase-money due for the land? Is it just or equitable that he should have and enjoy the possession and benefit of the land and not pay for it? We are unwilling to give such a construction to the Act.

Let the judgment of the Court below be affirmed.